**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Jason R. Harker, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING JOINT MOTION** |
| | ) | **FOR STIPULATED ORDER IN LIMINE** |
| vs. | ) | |
| | ) | |
| Harvie's Hot Shot Service and Trucking, | ) | |
| Inc., a Montana corporation, | ) | Case No. 1:14-cv-038 |
| | ) | |
| Defendant. | ) | |

On February 26, 2015, the parties filed a "Joint Motion for Stipulated Order in Limine." The court **GRANTS** the motion (Docket No. 34) and hereby **ORDERS**:

A. Defendant Harvie's Hot shot Service and Trucking, Inc., its attorneys, and witnesses shall be preluded from offering or eliciting any testimony, evidence, argument, or comment in the presence of the jury:

1. That would establish or tend to prove (directly or indirectly) or give rise to an inference that Mr. Harker was negligent or at fault in regard to the events of December 11, 2013;

2. That would establish or tend to prove (directly or indirectly) that any act or omission by Mr. Harker caused or contributed, directly or indirectly, to the events that caused his injuries or to his injuries;

3. That would establish or tend to prove (directly or indirectly) that Mr. Harker was contributorily or comparatively negligent or at fault relevant to the events of December 11, 2013.

4. That would establish or tend to prove (directly or circumstantially) that Mr. Harker assumed any risks relevant to the events of December 11, 2013.

B. The Court shall instruct the jury that it conclusively established for purposes of the trial that Mr. Harker was not negligent or at fault in regard to any of the events that results in his injuries, that the parties have conclusively agreed to those circumstances, and that the jury shall not reach or consider any different conclusion.

C. Counsel for Defendant Harvie's Hot Shot Service and Trucking, Inc., shall inform all witnesses that are subject to its control of the existence of this stipulated order and shall instruct all such witnesses to abide by the terms of this order. Compliance with this order includes, but is not limited to, making any statement that Mr. Harker directed Mr. Gitchel to back up the semi-struck, that Mr. Harker should not have been in the position where he was standing at the time he was truck by the semi-truck, or that any other actions of Mr. Harker were responsible for or contributed to the injuries sustained by Mr. Harker.

Dated this 2nd day of March, 2015.

              */s/ Charles S. Miller, Jr.*
              Charles S. Miller, Jr., Magistrate Judge
              United States District Court