# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Jason R. Harker, | ) |
|        Plaintiff, | ) **ORDER RE DEFENDANT'S** |
| | ) **MOTIONS IN LIMINE NOS. 1-2** |
| vs. | ) |
| | ) |
| Harvie's Hot Shot Service and Trucking, | ) |
| Inc., a Montana corporation, | ) Case No. 1:14-cv-038 |
| | ) |
|        Defendant. | ) |

Before the court are defendant's motions in limine 1-2 (Doc. No. 56). The following are the court's rulings:

Motion in Limine No. 1

In this motion, defendant moves to exclude from evidence any testimony from plaintiff's economic expert that is hearsay and also that which is an opinion as to plaintiff's medical condition or status of disability. This motion is **DENIED** without prejudice on the grounds it is premature since the court is uncertain as to what evidence will be offered. Obviously, the economic expert cannot opine on plaintiff's medical condition, including whether he has a disability, but it does not appear that plaintiff will be introducing such evidence. Rather, it appears the economic expert will be testifying about the economic aspect of plaintiff's limitations as supported by other competent evidence - at least that is what will be required. Finally, the argument that exclusion of the testimony of plaintiff's economist is required because it relies upon hearsay is frivolous given Fed. R. Evid. 703.

1

Motion in Limine No. 2

Defendant requests in its second motion in limine that the court prohibit any testimony, argument, or other mention of the fact that the defendant conveyed lakefront and residential property to Andrew Harvie and Karla Harvie individually.  The court **GRANTS** this motion to the extent that plaintiff's counsel shall not mention, argue, or seek to introduce evidence of this conveyance in the presence of the jury without first obtaining the court's permission.  While this evidence may be relevant and material with respect to any attempt to enforce a judgment if plaintiff obtains one, the court doubts the relevancy of this evidence at trial where the issues are whether defendant was negligent or vicariously liable for the negligence of Mr. Gitchel, and, if so, whether the negligence caused plaintiff damage.  Not surprisingly, plaintiff has not cited to a single case establishing the relevancy of this evidence in a comparable situation.

Dated this 10th day of June, 2015.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court